UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN A. WILLIAMS,

Plaintiff,

-against-

EASTCHESTER REHAB & HEALTH,

Defendant.

26-CV-5924 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, alleging that Defendant discriminated against her based on an unspecified characteristic. By Order dated July 30, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 5.) The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," supported by mere conclusory statements. *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

## BACKGROUND

Plaintiff brings this action under Title VII, alleging the following facts: "DNS told me 'I would never be anything in life, go home and take your life,'" and "Leave Without grabbing your bag, Felix escort her out. "I'm going to call the police." (ECF 1 at 5.) Plaintiff alleges "mental" and "financial" abuse and seeks $14 million in damages. (*Id.* at 6.)

## DISCUSSION

### A. Title VII Claims

Plaintiff invokes Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, religion, sex, and national origin. Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (summary order) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against h[er] and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff's allegations contain no indication that she was discriminated against based on her race, color, religion, sex, national origin, or any other characteristic protected by one of the federal employment discrimination statutes. Although it is not clear from the complaint exactly what occurred, to the extent Plaintiff asserts that she was directed to leave the workplace and threatened with arrest, Plaintiff does not link these events to any protected

characteristic. Because Plaintiff has not alleged facts suggesting that a protected characteristic was a motivating factor in any adverse employment decision, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims Under State Law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile or if the plaintiff has already been given an opportunity to amend, and has not cured the complaint's deficiencies. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Furthermore, a *pro se* litigant who has previously brought a similar action may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009).

Plaintiff was on notice, based on her prior litigation, of the requirement to plead facts suggesting that a protected characteristic was a motivating factor in any adverse employment decision. Plaintiff has previously filed employment discrimination actions in this court that have been dismissed for the same reasons that the Court dismisses this action. *See Williams v. Kings Harbor Multicare Ctr.*, No. 26-CV-5925 (KMW) (S.D.N.Y. Sept. 17, 2026) dismissing Title VII claims because Plaintiff alleged no facts suggesting she was discriminated against based on a protected characteristic); *Williams v. Bronx Ctr. For Rehab. & Nursing*, No. 26-CV-3519 (LLS) (S.D.N.Y. Aug. 4, 2026) (same); *Williams v. Priority Care Staffing*, No. 26-CV-3518 (LLS) (S.D.N.Y. Jul. 6, 2026) (same); *Williams v. Plaza Rehab. & Nursing Ctr.*, No. 23-CV-4438 (PGG) (BCM) (S.D.N.Y. Aug. 5, 2024) (dismissing claims of race and gender discrimination under Title VII and claims of age discrimination under the Age Discrimination in Employment Act because Plaintiff failed to identify her race and gender, and alleged no facts suggesting she was discriminated against based on a protected characteristic); *see also Williams v. Triboro Ctr.*, No. 26-CV-2789 (LJL) (S.D.N.Y. Jul. 20, 2026) (directing Plaintiff, following an initial conference, to show cause why her employment discrimination claims should not be dismissed for failure to state a claim and failure to allege jurisdiction). The Orders of dismissal in these actions were all issued before Plaintiff filed the complaint in this action. The Court therefore finds that Plaintiff knew or should have known of the deficiencies in this complaint when she filed it. *See Sledge*, 564 F.3d at 109-10.

Considering Plaintiff's litigation history and because nothing in the complaint suggests that she can allege facts to cure the deficiencies, the Court declines to grant her leave to amend. The Court previously warned Plaintiff that if she continues to file employment discrimination actions in this court without any facts suggesting she has been discriminated against based on a

protected characteristic, the Court will consider ordering her to show cause, under 28 U.S.C. § 1651, why she should not be barred from filing future civil actions IFP in this court without first seeking permission to file from the court. *See Williams v. Kings Harbor Multicare Ctr.*, No. 26-CV-5925 (KMW) (S.D.N.Y. Sept. 17, 2026).[1] That warning remains in effect.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court warns Plaintiff that if she continues to file nonmeritorious employment discrimination actions in this district, the Court may direct her to show cause why she should not be barred from filing future civil actions IFP in this court without first seeking permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

[1] In that Order, the Court also noted Plaintiff's demonstrated pattern of failing to file an amended complaint when granted leave to do so. *See id.*, ECF 5 at 5-6.

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: September 30, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge